Filed 10/2/23  In re M.D. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re M.D., a Person Coming Under the Juvenile Court Law. | B326787 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 20CCJP04409B) |
| Plaintiff and Respondent, | |
| v. | |
| Marc D., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara E. Hall, Judge.  Conditionally affirmed and remanded with directions.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and David Michael Miller, Deputy County Counsel, for Plaintiff and Respondent.

_____

Marc. D. (father) appeals from the juvenile court's order terminating his parental rights to M.D. (son). He contends the Department of Children and Family Services (Department) failed to comply with its initial inquiry duty under Welfare and Institutions Code section 224.2, subdivision (b)—the California statute implementing the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.).[1] In lieu of a respondent's brief, the Department has filed a letter acknowledging father's contentions have merit. Accordingly, we conditionally affirm the order terminating parental rights and remand for the Department to expand its initial ICWA inquiry and for the juvenile court to determine, in light of that inquiry, whether ICWA applies.

## PROCEDURAL BACKGROUND[2]

On August 21, 2020, the Department filed a dependency petition alleging jurisdiction over son, then a newborn, under section 300, subdivision (b)(1). The petition alleged that Yolanda U. (mother) had a history of substance abuse, that she and son had tested positive for methamphetamine at son's birth (count b-1), and that father knew about the substance abuse but failed to protect son from it (count b-2).[3] As to the second count, the petition also alleged mother had mental and emotional problems that prevented her from being able to care for son and his half-brother. On September 28, 2020, the Department amended the

---

[1] Undesignated statutory references are to the Welfare & Institutions Code.

[2] Due to the limited nature of this appeal, we recite only the background relevant to the ICWA inquiry.

[3] Mother is not a party to this appeal.

petition to add two additional counts, alleging that the parents had a history of engaging in domestic violence (count b-3) and that father's criminal history, which including human trafficking and drug convictions, posed a risk of harm to son.

At the December 4, 2020 jurisdiction and disposition hearing, the court amended the petition by interlineation to remove father as an offending party in count b-1 and to dismiss count b-2. Mother executed a waiver of rights and pled no contest to the petition. The court sustained the petition as amended, as to both parents, declared son a dependent of the court, removed him from parental custody, placed him in foster care, and ordered the Department to provide reunification services to both parents.

At various points during the proceedings, father, mother, and the maternal grandmother all denied having Indian ancestry. The Department's reports do not disclose that any other relative was asked whether son is, or might be, an Indian child—but the reports do reveal the existence of a variety of extended family members: (1) maternal grandmother; (2) maternal cousin Sara; (3) a second maternal cousin; (4) a paternal grandmother; (5) a paternal uncle; and (6) a paternal great-aunt.[4] Nevertheless, the court found ICWA did not apply.

Reunification efforts failed, the trial court denied a section 388 petition to reinstate reunifications services, and on January 11, 2023, the juvenile court found son adoptable and terminated both parents' parental rights. Father filed a timely notice of appeal.

---

[4] The record does not reveal whether the Department was in contact with any relatives other than the maternal grandmother.

3

***DISCUSSION***

Father contends the Department did not conduct an adequate initial inquiry under ICWA because it did not contact any of his relatives. The Department concedes "it should have, at a minimum, attempted to contact paternal relatives regarding Indian ancestry, and the ICWA's inquiry provisions were not followed with regard to these extended family members." Accordingly, the Department asks us to conditionally affirm the order terminating parental rights and remand the matter for additional ICWA inquiry.

We agree there was noncompliance with the inquiry requirements of ICWA and related California provisions. Here, the Department asked mother and the maternal grandmother about their Indian heritage but did not similarly inquire of father's available relatives. (§ 224.2, subd. (b); *In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.) Although the question of whether father must establish that this error was prejudicial—and, if so, what standard of prejudice applies—is pending before the Supreme Court, we adopt this court's previous holding that no showing of prejudice is required under similar facts. (*In re H.V.*, at p. 438 & fn. 4; see *In re Dezi C.* (2022) 79 Cal.App.5th 769, 777–779, review granted Sept. 21, 2022, S275578 [discussing three competing approaches and adopting a fourth].)

***DISPOSITION***

The order terminating parental rights is conditionally affirmed, and the matter is remanded to the juvenile court for the limited purpose of ensuring compliance with the inquiry provisions of Welfare and Institutions Code section 224.2. The court shall order the Department to inquire into son's Indian

ancestry by making reasonable efforts to interview available extended family members. Nothing in this disposition precludes the court from ordering additional inquiry of available extended relatives or others having an interest in the child. If, after ICWA compliance, the juvenile court issues an order determining that ICWA does not apply, the order terminating parental rights shall remain in effect. If the court determines ICWA applies, it shall vacate the order and proceed in accordance with ICWA and related state law.


RUBIN, P. J.

I CONCUR:



KIM, J.

In re M.D.

B326787


BAKER, J., Dissenting


I would affirm because substantial evidence supports the juvenile court's finding that the Indian Child Welfare Act does not apply.  (*In re A.C.* (2022) 86 Cal.App.5th 130, 132 (dis. opn. of Baker, J.); *In re Ezequiel G.* (2022) 81 Cal.App.5th 984; *In re H.V.* (2022) 75 Cal.App.5th 433, 439 (dis. opn. of Baker, J.).)


BAKER, J.